UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　Case No.: 8:08-cr-402-VMC-SPF

FERNANDO ANASTASIO
PALACIOS-BONILLA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Fernando Anastasio Palacios-Bonilla's pro se Motion for Compassionate Release. (Doc. # 269). The United States responded on January 30, 2023. (Doc. # 270). For the reasons set forth below, the Motion is denied.

**I.　Background**

On March 13, 2009, the Court sentenced Palacios-Bonilla to 240 months' imprisonment after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction

1

of the United States. (Doc. # 95). Palacios-Bonilla is 76 years old and is projected to be released on April 24, 2026.[1]

Palacios-Bonilla's first motion for compassionate release was denied without prejudice on May 14, 2020, for failure to exhaust administrative remedies. (Doc. # 245; Doc. # 254). Now, Palacios-Bonilla again seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, due to his age and health. (Doc. # 269).

The United States has responded (Doc. # 270), and the Motion is now ripe for review.

## II. Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

>  warrant such a reduction . . . and that such a
> reduction is consistent with the applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The United States points out that there is no evidence that Palacios-Bonilla has exhausted his administrative remedies. (Doc. # 270 at 3). Indeed, Palacios-Bonilla fails to establish — let alone allege — that he has exhausted his administrative remedies. Failure to allege exhaustion of administrative remedies is sufficient to support denial. See United States v. Barberree, No. 8:09-cr-266-VMC-MAP, 2020 WL 2097886, at *2 (M.D. Fla. May 1, 2020) (denying motion for compassionate release without prejudice where defendant had "not allege[d] that he ha[d] exhausted his administrative remedies" and had not "provided documentation showing that he ha[d] made any request to the warden of his facility for compassionate release or appealed the denial of a request for

3

compassionate release with the Bureau of Prisons"); United States v. Kelly, No. 2:03-cr-126-JES, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020).

Even if Palacios-Bonilla had exhausted his administrative remedies, the Court would still deny the Motion because Palacios-Bonilla has not demonstrated an extraordinary and compelling reason that warrants compassionate release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and

Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Palacios-Bonilla bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

In support of his Motion, Palacios-Bonilla alleges that he is 76 years old, "not in good health," and has 4 or 5 years left to live. (Doc. # 269). Palacios-Bonilla's allegations do not warrant compassionate release because they do not establish that he is suffering from a terminal illness or a medical condition that substantially diminishes his ability to provide self-care in prison, from which he is not expected to recover. While Palacios-Bonilla's BOP medical records show that he used to have cancer, they also show that he has been treated and the BOP considers his condition stable. (Doc. # 270, Ex. 3 at 20). Thus, Palacios-Bonilla's vague allegation of poor health does not constitute an extraordinary and compelling reason warranting release.

Admittedly, age may also present an extraordinary and compelling reason when a defendant is at least 65 years old,

5

is experiencing a serious deterioration in their physical or mental health because of the aging process and has served at least ten years or 75% of their term of imprisonment. USSG § 1B1.13, comment. (n.1). Here, Palacios-Bonilla is 76 years old, and has served 15 years which is equivalent to 75% of his imprisonment term. But he provides no proof that he is experiencing a serious deterioration in physical or mental health because of the aging process, which precludes a finding of an extraordinary and compelling reason for release. See United States v. Monaco, 832 F. App'x 626, 629-30 (11th Cir. 2020) ("In his compassionate release motion, Monaco requested a reduced sentence because of his age, the amount of time he had already served in prison, and his good behavior in prison. But, as the district court explained, Monaco did not allege that he experienced a serious deterioration in physical or mental health because of the aging process. Monaco argues that the body and mind deteriorate over time — and indeed they do — but until he has actually experienced a 'serious deterioration' because of the aging process, the policy statements do not support age alone as an extraordinary and compelling reason for compassionate release.").

Finally, the Court agrees with the United States that the Section 3553(a) factors do not support compassionate

release. Section 3553(a) requires the imposition of a sentence that, among other things, takes into account the history and characteristics of the defendant, protects the public, reflects the seriousness of the crime, and promotes respect for the law. 18 U.S.C. § 3553(a). Also, a court should only grant a motion for release if it determines that the defendant is not a danger to any other person or to the community. U.S.S.G. § 1B1.13(2). Palacios-Bonilla committed a serious crime involving nearly 10 tons of cocaine. (Doc. # 270 at 9). But this was not Palacios-Bonilla's first conviction for drug trafficking. Indeed, as the United States points out, Palacios-Bonilla's "first drug smuggling conviction occurred in 1984 in the Southern District of Florida, when the defendant was 37 years of age" such that he "has spent over half his adult life engaged in large-scale international drug smuggling activity." (Id.; Doc. # 41). Releasing Palacios-Bonilla early would fail to reflect the seriousness of the offense, to promote respect for the law, or to provide just punishment for the offense.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Fernando Anastasio Palacios-Bonilla's pro se Motion for Compassionate Release (Doc. # 269) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of March, 2023.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE